1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE SPITTAL,                    No.   CIV.S-05-0112 MCE DAD PS

12           Plaintiff,

13     v.                              FINDINGS AND RECOMMENDATIONS

14   JERRY HOUSEMAN, et al.,

15           Defendants.

16   _____/

17          This matter is before the court on (1) the motion to

18   dismiss plaintiff's amended complaint pursuant to Federal Rule of

19   Civil Procedure 12(b)(6) (Doc. no. 16) filed on behalf of defendants

20   Jerry Houseman, Roy Grimes, Karen Young, Manny Hernandez, Rick

21   Jennings, Dawn McCoy, Miguel Navarette, Angelle Murry, Francine

22   Dorrough, Candice Ingle and Cindy Wray; and (2) plaintiff's motion

23   for summary judgment (Doc. no. 18).  Having considered all written

24   materials submitted in connection with the motions, for the reasons

25   explained below, the undersigned will recommend that defendants'

26   motion to dismiss be granted and plaintiff's motion for summary

1

1   judgment be denied.  The undersigned will further recommend that

2   plaintiff's amended complaint be dismissed with prejudice and this

3   action be closed.

4       **I.  Motion to Dismiss**

5           **A.  Applicable Legal Standards**

6           A complaint, or portion thereof, should only be dismissed

7   pursuant to Rule 12(b)(6) for failure to state a claim upon which

8   relief can be granted if it appears beyond doubt that the plaintiff

9   can prove no set of facts in support of the claim or claims that

10  would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69,

11  73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)); <u>Palmer v.</u>

12  <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

13  In reviewing a complaint under this standard, the court must accept

14  as true the allegations of the complaint.  <u>Hospital Bldg. Co. v. Rex</u>

15  <u>Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  Furthermore, the court

16  must construe the pleading in the light most favorable to the

17  plaintiff, and resolve all doubts in the plaintiff's favor.  <u>See</u>

18  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  In a case where the

19  plaintiff is pro se, the court has an obligation to construe the

20  pleadings liberally.  <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th

21  Cir. 1985) (en banc).  However, the court's liberal interpretation of

22  a pro se complaint may not supply essential elements of a claim that

23  are not pled.  <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992);

24  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th

25  Cir. 1982).

26  /////

2

1        **B.   Analysis**

2        As previously observed by the undersigned in findings and

3   recommendations recently filed in two of plaintiff's other lawsuits,[1]

4   this is one of eight actions plaintiff has initiated in this court

5   over the last five years.  (See No. CIV.S-00-1287 WBS PAN PS; No.

6   CIV.S-00-1766 LKK GGH PS; No. CIV.S-01-00036 GEB JFM PS; No. CIV.S-

7   04-1198 GEB DAD PS; No. CIV.S-05-0112 MCE DAD PS; No. CIV.S-05-0749

8   FCD DAD PS; No. CIV.S-05-1157 MCE KJM PS; No. CIV.S-05-2042 FCD GGH

9   PS.[2])  All of the actions arise out of plaintiff's employment as a

10  substitute teacher with the Sacramento City Unified School District

11  ("District").  All of the actions involve allegations that the

12  District and its employees have retaliated against plaintiff for

13  speaking out against District policies regarding classroom

14  management, particularly those policies which plaintiff perceives as

15  being motivated by race, socio-economic factors, or circumstances

16  related to students' behavior.  Some of the actions additionally name

17  as defendants the lawyers who have defended the District and its

18  employees against plaintiff's numerous legal actions as well as the

19  judges who have been assigned to preside over those cases.  In this

20  regard, plaintiff typically accuses defense counsel and the judges of

21

22        [1]  See Spittal v. Shubb, No. CIV.S-05-0749 FCD DAD PS, Findings
    and Recommendations filed November 2, 2005; and Spittal v. Schenirer,
23  No.  CIV.S-04-1198 GEB DAD PS, Findings and Recommendations filed
    November 8, 2005.
24
        [2]  A court may take judicial notice of court records.  See MGIC
25  Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United
    States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  The undersigned
26  hereby takes judicial notice of these court files.

lying, contempt, conspiracy and the like in connection with the

litigation of plaintiff's claims.[3]

      The named defendants in the instant amended complaint are

District Board of Trustees members Jerry Houseman, Roy Grimes, Karen

Young, Manny Hernandez, Rick Jennings, Dawn McCoy and Miguel

Navarette.  District employees Angelle Murry, Francine Dorrough,

Candice Ingle and Cindy Wray, all of whom are employed at the

District's Marian Anderson Children's Center ("Center"), also are

named as defendants.  The amended complaint alleges that defendants

retaliated against plaintiff after he informed a District co-worker

of a previous incident in which a child allegedly was slapped by a

teacher at the Center.  The amended complaint alleges that defendants

retaliated against plaintiff by distributing a letter "that

---

[3]   Such accusations appear to be routine for plaintiff, a former
lawyer whom the Supreme Court of Ohio has permanently disbarred from
the practice of law in that state.  In 1990, the Supreme Court of
Ohio found "the flagrant disrespect that [Mr. Spittal] has
demonstrated toward the entire judicial system deserving of the legal
profession's most severe sanction."  Akron Bar Ass'n v. Spittal, 51
Ohio St. 3d 121, 122, 554 N.E. 2d 1338, 1339 (1990).  In disbarring
plaintiff, the Supreme Court of Ohio relied on evidence presented to
a disciplinary panel which

      established that [Mr. Spittal] routinely, and
      without justification, referred to the decisions
      made by federal and Ohio judges as being the
      product of dishonesty, partiality, ignorance, and
      incompetence.  The evidence further established
      that [Mr. Spittal] routinely, and without
      justification, accused judges and attorneys alike
      of lying.  Indeed, the record manifests that [Mr.
      Spittal] made these remarks simply because he
      disagreed with a judge's decision or an
      attorney's argument.

51 Ohio St. 3d at 122, 554 N.E. 2d at 1339.

instructed parents of the children under Mr. Spittal's care to

communicate with [defendant head teacher Angelle Murry] if they had

any concerns" regarding plaintiff.  (Am. Compl. at 6-7.)[4]  According

to the amended complaint, that letter and its innuendo stigmatized

plaintiff by "steering the parents away from discussing their

concerns with plaintiff ...."  (Id. at 7.)  The amended complaint

also asserts in a conclusory fashion that plaintiff was subjected to

"racially motivated verbal assaults" and that his teaching assignment

was ended based on his race.  (Id. at 7-8.)  Finally, the amended

complaint alleges that plaintiff spoke out against that

discrimination only to be further stigmatized and retaliated against,

in addition to being denied an investigation, a fair hearing process

and so on.

        The amended complaint, like the pleadings in plaintiff's

other actions, contains several general references to the First and

Fourteenth Amendments.  Liberally construed, the amended complaint

alleges violations of plaintiff's First Amendment right to free

speech and his substantive due process rights.  The amended complaint

prays for damages and injunctive relief, namely that the District

Board of Trustees be directed to "establish a meaningful enforcement

mechanism for it's [sic] policy and regulations that proscribe a

/////

_____

[4]  The pages of the amended complaint are not numbered.  This
citation refers to the sixth and seventh pages of the amended
complaint, with the first page being the cover page.  The undersigned
cites to other pages of the amended complaint herein in a similar
fashion.

1  retaliatory act being taken against an employee who reports an act of

2  unlawful discrimination."  (Id. at 14.)

3          As an initial matter, it must be noted that plaintiff's

4  amended complaint is unfocussed, full of conclusory allegations and

5  difficult to decipher.  It does not contain "a short and plain

6  statement" of a claim showing that plaintiff is entitled to relief.

7  See Fed. R. Civ. P. 8(a)(2).  This alone warrants dismissal.  See

8  Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.

9  1984).  Nonetheless, even considering the merits of plaintiff's

10 claims, the undersigned concludes that this entire action should be

11 dismissed with prejudice as to all named defendants for failure to

12 state a cognizable claim.

13         More specifically, the undersigned will recommend the

14 motion to dismiss be granted because the moving defendants are

15 entitled to qualified immunity.  Whether a defendant is entitled to

16 qualified immunity involves a two-step inquiry.  Saucier v. Katz, 533

17 U.S. 194, 200 (2001).  The first step is to ask whether the alleged

18 facts, taken in the light most favorable to the party asserting the

19 injury, show the officer's conduct violated a constitutional right.

20 Saucier, 533 U.S. at 201.  If this question is answered in the

21 negative, then "there is no necessity for further inquiries

22 concerning qualified immunity."  Id.  If the question is answered in

23 the affirmative, the next step is "to ask whether the right was

24 clearly established."  Id.  A constitutional right is clearly

25 established when "it would be clear to a reasonable officer that his

26 /////

1 conduct was unlawful in the situation he confronted." <u>Id</u>. at 202.

2 <u>See</u> <u>also</u> <u>Billington v. Smith</u>, 292 F.3d 1177, 1183-84 (9th Cir. 2002).

3        With respect to plaintiff's attempt to state claims based

4 upon the First Amendment, the alleged facts do not demonstrate that

5 defendants' conduct violated plaintiff's right to free speech.  This

6 is because the allegations of the amended complaint indicate that

7 plaintiff's speech as a public employee does not amount to speech

8 upon "a matter of public concern." <u>See</u> <u>Connick v. Myers</u>, 461 U.S.

9 138, 143-46 (1983); <u>Pickering v. Board of Education</u>, 391 U.S. 563,

10 568 (1968); <u>Ceballos v. Garcetti</u>, 361 F.3d 1168, 1173 (9th Cir.

11 2004).  Rather, the alleged speech encompassed by the amended

12 complaint is simply part of a larger, ongoing internal dispute

13 between plaintiff and the District and its employees regarding

14 administrative matters within the District.  More specifically,

15 central to this lawsuit is plaintiff's complaint that defendants

16 distributed a letter inviting the parents of students to contact the

17 school directly, rather than plaintiff, should they have any concerns

18 about their children and/or plaintiff.  Plaintiff obviously has taken

19 exception to this perceived end-around to his contact with the

20 parents of students and attempts to blame it on his discussion of the

21 alleged slapping incident.  However, the allegations of the amended

22 complaint as whole, as well as the content of the documents on file

23 in plaintiff's other actions, belie plaintiff's contention in this

24 regard.  Plaintiff's concern with defendants obviously amounts to an

25 individual personnel dispute that clearly is "of no relevance to the

26 public's evaluation of the performance of" the District.  <u>See</u>

1  Ceballos, 361 F.3d at 1173.  See also Coszalter v. City of Salem, 320

2  F.3d 968, 973-74 (9th Cir. 2003) ("[S]peech that deals with

3  'individual personnel disputes and grievances' and that would be of

4  'no relevance to the public's evaluation of the performance of

5  governmental agencies' is generally not of 'public concern'").

6  Accordingly, accepting the allegations of the amended complaint as

7  true, the court finds that plaintiff's speech did not regard a matter

8  of public concern and defendants did not violate plaintiff's First

9  Amendment rights.

10       Even assuming plaintiff has spoken upon a matter of public

11  concern, as opposed to a matter only of personal interest, the court

12  further finds that the District's interest as an employer in

13  promoting efficiency of the public services it performs through its

14  employees outweighs plaintiff's interest in that speech.  See

15  Pickering, 391 U.S. at 568; Gillbrook v. City of Westminster, 177

16  F.3d 839, 867 (9th Cir. 1999).  In weighing whether the government's

17  interest in promoting an effective workplace outweighs an employee's

18  First Amendment rights, courts may consider "whether the speech (i)

19  impairs discipline or control by superiors, (ii) disrupts co-worker

20  relations, (iii) erodes a close working relationship premised on

21  personal loyalty and confidentiality, (iv) interferes with the

22  speaker's performance of her or his duties, or (v) obstructs the

23  routine operation of the office."  Hyland v. Wonder, 972 F.2d 1129,

24  1139 (9th Cir. 1992)(citations omitted).  Here, the District's

25  interest in maintaining discipline and control in its schools,

26  communicating with parents, promoting co-worker relations and

8

fostering an educational environment outweighs plaintiff's interest
in spreading information to co-workers regarding the alleged slapping
incident.  <u>See</u> <u>Goss v. Lopez</u>, 419 U.S. 565, 589-90 (1975)(Powell, J.,
dissenting); <u>Tinker v. Des Moines Independent Community School</u>
<u>District</u>, 393 U.S. 503, 507 (1969)("[T]he Court has repeatedly
emphasized the need for affirming the comprehensive authority of the
States and of school officials, consistent with fundamental
constitutional safeguards, to prescribe and control conduct in the
schools.").  For this reason as well, the undersigned finds that
plaintiff's speech as alleged in the amended complaint is not
protected by the First Amendment.

        Accordingly, defendants are entitled to qualified immunity
on plaintiff's First Amendment claims.  The undersigned therefore
will recommend that defendants' motion to dismiss be granted.

        Plaintiff's substantive due process claims also must be
dismissed.  As set forth above, the allegations of the amended
complaint, like the allegations in plaintiff's other actions, boil
down to the assertion that plaintiff is being retaliated against for
speaking out against perceived inequities within District schools.
As such, plaintiff's claims must be addressed under the First
Amendment, not substantive due process.  This is because "[w]here a
particular Amendment 'provides an explicit textual source of
constitutional protection' against a particular sort of government
behavior, 'that Amendment, not the more generalized notion of
"substantive due process," must be the guide for analyzing these
claims.'"  <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994) (quoting

Graham v. Connor, 490 U.S. 386, 395 (1989)).  As discussed above, the moving defendants are entitled to qualified immunity on plaintiff's First Amendment claims.  Therefore, defendants' motion to dismiss must be granted with respect to plaintiff's substantive due process claims as well.

It also remains clear that plaintiff is attempting to hold the Board of Trustees defendants liable for the actions of others under a respondeat superior theory of liability.  However, defendants are not liable for the actions of District employees under such a theory.  More specifically, supervisory personnel generally are not liable under 42 U.S.C. § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984)).  Vague and conclusory allegations such as those set forth in the amended complaint concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The undersigned noted this deficiency the order issued April 15, 2005, dismissing

10

1   plaintiff's complaint with leave to amend.  Plaintiff has failed to
2   cure that deficiency in his amended complaint.  For this reason as
3   well, the motion to dismiss must be granted.

4        Finally, in the earlier order dismissing plaintiff's
5   complaint with leave to amend, the undersigned also observed that
6   plaintiff had failed to allege facts sufficient to establish
7   municipal liability arising from any policy of the Board of Trustees.
8   See Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978).
9   Again, plaintiff has failed to cure the noted deficiency.  In this
10  regard, the amended complaint contains insufficient allegations
11  regarding any policy or custom of the Board of Trustees resulting in
12  a deprivation of constitutional rights; any decision by an official
13  with final policy-making authority which resulted in a violation of
14  plaintiff's rights; or any such official's ratification of an
15  unconstitutional decision by a subordinate.   See Gillette v. Delmore,
16  979 F.2d 1342, 1346-47 (9th Cir. 1992).

17       For all of the reasons set forth above, plaintiff's amended
18  complaint is fatally deficient.  Moreover, the arguments presented by
19  plaintiff in the motions brought before the court in this and his
20  other cases are frivolous.  Finally, whatever his intentions, through
21  the numerous lawsuits filed in this court involving essentially the
22  same subject or plaintiff's displeasure with the results obtained in
23  prior litigation with respect thereto, plaintiff has engaged in
24  conduct that has harassed the named defendants.  For all these
25  reasons, it appears clear that plaintiff cannot cure the defects in
26  his amended complaint.  Granting leave to amend under these

1  circumstances would be futile.  See Reddy v. Litton Indus., Inc., 912

2  F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo

3  Winery, 829 F.2d 729, 738 (9th Cir. 1987); see also Lopez v. Smith,

4  203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be

5  classified as frivolous or malicious, there is, by definition, no

6  merit to the underlying action and so no reason to grant leave to

7  amend.")  Accordingly, the undersigned will recommend that this

8  action be dismissed with prejudice.

9      **II.  Plaintiff's Motion for Summary Judgment**

10          Having determined that the amended complaint fails to state

11  a claim upon which relief may be granted, the undersigned will

12  recommend that plaintiff's motion for summary judgment be denied.

13                          **CONCLUSION**

14          For the reasons set forth above, IT IS HEREBY RECOMMENDED

15  that:

16          1. Defendants' motion to dismiss (Doc. no. 16) be granted;

17          2. Plaintiff's motion for summary judgment (Doc. no. 18) be

18  denied; and

19          3.  Plaintiff's amended complaint be dismissed with

20  prejudice.

21          These findings and recommendations are submitted to the

22  United States District Judge assigned to the case, pursuant to the

23  provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being

24  served with these findings and recommendations, any party may file

25  written objections with the court and serve a copy on all parties.

26  Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\spittal0112.f&r.dism